**MARTIN v. JOHN S. DOANE CO.**
Civil Action No. 5536.

District Court, D. Massachusetts.

Jan. 30, 1947.

George F. Garrity, U. S. Atty., and William J. Koen, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

J. N. Welch and Hale and Dorr, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

In this action the plaintiff seeks an order from this Court compelling the defendant to restore him to his former position with the defendant corporation, and to recover money damages to compensate him for his loss of wages by reason of the employer's unlawful action. The defendant asserts that it is under no compulsion to re-employ the plaintiff, and that if it owed him any duty it has discharged it by offering him a position as a salesman at $35 a week.

### Findings of Fact.

The defendant corporation is a wholesale distributor of liquor. The plaintiff worked for this corporation from 1934 until March 16, 1942, when he entered the active naval service of the United States. During that period the plaintiff's mother owned the stock of the defendant corporation and the plaintiff managed the entire business. It not only did a wholesale liquor business but had a retail store near the South Station. In the wholesale department it employed at least ten salesmen and it was the duty of this plaintiff, in addition to other duties, to manage the sales department. Prior to going into the naval service, he had been elected President and General Manager of the defendant corporation, and had held other elective offices. Included in his duties was the position of sales manager. The highest salary which he received for all of these offices was $35 a week, and that was his salary when he entered the Navy. After he went into the naval service, his mother sold her stock in the defendant corporation to one Garfinkle. Under Mr. Garfinkle's management the business grew by leaps and bounds, and the corporation is now doing more than five times the amount of business it was doing when the plaintiff went into the naval service. The retail outlet has

784

been sold, and the defendant now engages exclusively in the wholesale liquor business.

On December 19, 1945, the plaintiff received a Certificate of Satisfactory Service from the United States Navy, and on January 30, 1946, he made application for re-employment with the defendant as a sales manager. The defendant did not give him that position, but offered him a position as a salesman at $35 a week. I find that this plaintiff was qualified to handle the sales managership for the defendant corporation. I can find no merit in a contention advanced by the defendant that the plaintiff should look to his mother for re-employment rather than to the corporation. His contractual relationship was with the corporation, and it is to this corporation that he must look for his rights under the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq.

Of course the defendant corporation is not bound to return this plaintiff to the elective positions of President and General Manager or to any other elective office. Its duty under the Act is to return this man to a position of like seniority, status and pay. Leaving aside for the moment the question of the amount of pay, it would seem that a reasonable effort to comply with the terms of the Act could not be made without offering a sales managership to this plaintiff. On the question of pay, I do not think that there could be compliance with the spirit and intent of the Act by merely offering this man the $35 a week which he received before going into the naval service. This is particularly true where the $35 a week offer is tied up to a position inferior to the one which he held before going into the naval service. The Supreme Court of the United States in Fishgold v. Sullivan Drydock & Repair Corp. et al., 66 S.Ct. 1105, 1111, says that a man within the purview of the Act is "thus protected against receiving a job inferior to that which he had before entering the armed services." The sales manager, at the time of the plaintiff's application, was drawing $6,500 per year, and the present sales manager, who sells on a 4% commission, averages about $125 a week, which is the same total yearly salary. I think that the plaintiff is entitled

to receive the equivalent as damages for the defendant's failure to reemploy him up to the present time. As against this figure, I think that the plaintiff owed the defendant a duty to mitigate his damages, and that with reasonable efforts he might have earned $3,000 a year. I therefore find his damages to be, up to February 1, 1947, in the sum of $3,500. I further find that the defendant has unreasonably and without just cause failed to comply with the provisions of the Act.

### Conclusions of Law.

I conclude and rule that this plaintiff is entitled to an order requiring the defendant to employ him as sales manager, at a salary of $6,500 a year, in compliance with the terms of the Act. I also conclude and rule that the plaintiff is entitled to a judgment against this defendant in the sum of $3,500 as interim damages from the date of his discharge to February 1, 1947.